## TEXAS & P. RY. CO. v. BOURMAN.

(Circuit Court of Appeals, Fifth Circuit.   March 5, 1907.)

No. 1,562.

TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTS.

The charge of the court in an action tried by stipulation on the evidence taken on a former trial *held* to have fully and correctly submitted the proper issues to the jury and to have justified the court in refusing requests made by the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 651–659.]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Charles P. Cocke, for plaintiff in error.
A. E. Livaudais and Albert Voorhies, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. This case was twice tried in the court below. On the first hearing, April 22, 1904, at the close of the testimony, a motion was made by the counsel for the defendant to have the court direct the jury to find a verdict for the defendant. The court thereupon heard argument from the counsel for both parties, and upon consideration thereof granted the motion of the defendant, and a verdict and judgment duly followed. The plaintiff duly moved for a new trial (April 23, 1904), on which an order was entered that the defendant do show cause on the 30th of April, 1904, why a new trial should not be granted, and that the matter be continued for hearing at the following term, at the same time filing with the record an opinion, which is, in its material parts, as follows:

"This matter being before me on motion for a new trial, I have carefully read the evidence, and again considered the law applicable to the case. It appears from the evidence that the plaintiff and other employés of the defendant, being under the control of a foreman, boarded the 'Cannon Ball' train at Davis, in order to return to Waggaman; that the conductor intended to stop the train at Waggaman to put off the men, but that this intention was not conveyed to plaintiff or his fellow laborers; that the plaintiff believed the train would only 'slow up' at Waggaman, and that he was then to jump off; that on former occasions plaintiff and others had jumped off at that place under the same circumstances, and knew that that particular train never stopped there, but only 'slowed up' to take the mail; that, while the foreman did not specifically order the plaintiff to jump off, he did tell him and the other man, 'Throw off your tools and let us get off;' and that under the circumstances plaintiff, not having been told that the train was going to stop, may well have understood, as he says he did, that the train would only 'slow up,' and that he was to jump off. After the train had slackened, he jumped off and was injured. The motion to direct a verdict for defendant was virtually based on two propositions: (1) That the injury was caused by the plaintiff's own negligent act, or by a risk incident to the employment and assumed by him; (2) That in any event the injury was due to, or caused by, the negligence of the plaintiff's fellow servants, meaning the foreman, the conductor, or engineer, or all of them."

Here the trial judge cites authorities, and thereafter proceeds:

"The question, therefore, is whether in the instant case the plaintiff is debarred by the doctrine of 'fellow servants,' and whether the matters of contributory negligence and assumption of risk should not have been left to the jury. The court desires reargument on those points, and the case will be restored to the trial docket for such purpose."

On June 22, 1904, this minute appears:

"This cause having been heretofore argued and submitted to the court upon the motion of plaintiff for a new trial, it is now ordered, for the reasons assigned in the written opinion filed this day, that the case be restored to the trial docket for reargument."

The record further shows that on February 6, 1905, the following minute entry was made:

"This cause came on to be heard at a former day upon the rule of plaintiff for a new trial herein, and after hearing further arguments from counsel for the respective parties the court took the same under advisement. On consideration thereof it is ordered that a new trial be granted herein, and that the verdict heretofore rendered in this cause be set aside."

The record shows that on February 23, 1905, it was stipulated by counsel for the respective parties that the new trial granted should be had upon the testimony taken stenographically on the former trial. On March 13, 1906, the cause being the second time on trial, the court refused the charges requested by the defendant, giving as the reasons that the general charge is sufficient for all the purposes of the case. It is unnecessary to recite the general charge. We have examined it with care, and we have examined all the testimony with diligence, and we concur in the opinion of the trial judge that the general charge fully and correctly submitted the proper issues to the jury.

It follows that the judgment should be affirmed; and it is so ordered.